**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF KANSAS**

_____

| | |
|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | : |
| | : |
| | : |
| Plaintiff, | :      Case No. 05CV2495-JWL-DJW |
| vs. | : |
| | : |
| INFUSION ASSOCIATES OF GREATER | : |
| KANSAS CITY, INC. a/k/a INFUSION | : |
| ASSOCIATES OF GREATER KANSAS CITY | : |
| f/d/b/a OPTION CARE OF KANSAS CITY | : |
| | : |
| and | : |
| | : |
| DAVID VAUGHN, | : |
| | : |
| Defendants. | : |

_____:

<u>**STIPULATED CONFIDENTIALITY ORDER**</u>

AND NOW, this 25th day of August, 2006, the plaintiff, on the one hand (hereafter, "ABC") and the defendants (hereafter, the "Defendants"), on the other hand, stipulate and agree, and the Court orders, as follows:

**W I T N E S S E T H:**

WHEREAS, the Defendants possess documents and other items that are required to be produced or disclosed to ABC pursuant to Fed.R.Civ.P. 26 and otherwise during the course of discovery in this litigation (hereinafter, the "Action");

WHEREAS, some of the documents and other items may contain names and other information relating to individuals unrelated to this litigation and medical conditions and treatments relating to those individuals and bank statements, tax returns, and other documents

containing financial information about defendants and defendant David Vaughn's spouse (the "Confidential Information");

WHEREAS, the Defendants want to preserve the confidentiality of that Confidential Information, and ABC does not object to the preservation of confidentiality; and

WHEREAS, this Stipulated Order is being executed to allow the Defendants to produce or disclose the documents and other items containing Confidential Information to ABC whilst simultaneously preserving the confidentiality of that Confidential Information.

IT IS HEREBY ORDERED AS FOLLOWS:

1.     (a)  For purposes of this Stipulated Confidentiality Order, the term "Confidential Information" shall refer to all information regarding (i) treatment or medical information of individual persons or any other information protected by the Health Insurance Portability and Accountability Act of 1996, and (ii) Defendants' personal financial information and the personal financial information of David Vaughn's spouse, who is not a party to this action.

(b)  "Qualified Person" shall mean and refer to (i) the parties; (ii) employees of the parties to whom disclosure of Confidential Information is necessary to the prosecution or defense of the Actions and who have signed the form of Confidentiality Agreement that is attached as Attachment "A"; (iii) counsel of record for the parties, including associates, paralegals and clerical employees; (iv) experts retained by the parties; (v) witnesses attending or testifying at any deposition or court proceeding; and (vi) the court and jury (if applicable) in the Action.

2.     Any documents provided by the Defendants to ABC that the Defendants contend are confidential shall be so designated by placing a "CONFIDENTIAL" stamp or legend on each page of such documents.   ABC acknowledges that it may receive certain Confidential Information orally from the Defendants and that ABC will maintain such information as confidential under the terms of this Stipulated Order.

3.     (a)     ABC shall not in any manner, either directly or indirectly, use or disclose any of the Confidential Information that ABC may acquire from ABC pursuant to this Stipulated Order except as is expressly permitted by this Stipulated Order.

(b)     In the event that ABC is required (by oral questions, interrogatories, request for information or documents, subpoena, civil investigative demand or similar process)

384791v1                                                3

to disclose any Confidential Information, ABC shall give the Defendants prompt notice thereof so that the Defendants may timely seek an appropriate protective order.

    4.    In the case of deposition testimony and related exhibits, a party to this agreement may designate the portions of the transcript (including exhibits) that contain Confidential Information by making a statement to that effect on the record during the course of the deposition, or by written notice to all parties within thirty (30) days after the transcript has become available.  If the designation is made during the course of the deposition, all persons not permitted to access to such Confidential Information under the terms of this Stipulated Order shall be excluded from the deposition room, and the designating party shall instruct the reporter attending such deposition to place the legend "CONFIDENTIAL" on the pages containing Confidential Information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL INFORMATION" or where the designation is made after receipt of the transcript by the parties, each party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating party.

    5.    All Confidential Information inspected by or provided to counsel shall be retained by counsel and shall not be disclosed or made available to any person except to Qualified Persons.  Said Confidential Information shall not be used by any Qualified Person, except solely for the purposes of the Action and shall not be used for any other purpose.  The substance or content of Confidential Information, as well as copies, notes and memoranda relating thereto, shall not be disclosed to other than Qualified Persons.  Nothing in this Stipulated Order shall in any way affect the admissibility or use at trial or hearings in the Action of the Confidential Information produced under this Stipulated Order.

384791v1

4

6.      In the event that any Confidential Information is used in any court proceeding in the Action, it shall not lose its confidential status through such use, and the parties shall take all steps required to protect the confidentiality of the Confidential Information during such use, including designating the portions of the hearing transcript concerning such Confidential Information as "CONFIDENTIAL."

7.      This Stipulated Order does not constitute an admission by any party that any document or testimony is confidential, proprietary or secret, and shall not foreclose any party from seeking a ruling from the court that Confidential Information is in fact, not confidential. On such motion, the party asserting confidentiality shall have the burden of proving that the information or material in question is within the scope of protection afforded by applicable law. However, in no event shall any party disclose any Confidential Information or any materials containing Confidential Information in violation of the terms of this Stipulated Order without a prior ruling from the Court allowing such disclosures.

8.      This Stipulated Order shall not prevent any party from applying to the court for relief herefrom, or from applying to the court for further or additional protective orders, or from agreeing between themselves to modify or vacate this Stipulated Order.  Furthermore, this Stipulated Order shall not prevent any party from seeking relief, including injunctive and/or other equitable remedies, in a court of competent jurisdiction to prevent the disclosure of Confidential Information.

9.      This Stipulated Order shall be governed by and construed in accordance with the laws of the State of Kansas.

384791v1                                    5

10.     No provision of the Stipulated Order shall be amended, waived or modified except by an instrument in writing signed by both parties and approved by the Court.  Failure to insist upon strict compliance with any of the terms, covenants or conditions hereof shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power hereunder at any time or times be deemed a waiver or relinquishment of such right or power at any other time or times.

11.     ABC and the Defendants agree that each of the provisions included in this Stipulated Order is separate, distinct and severable from the other provisions of this Stipulated Order. If any provision of this Stipulated Order shall be held invalid or unenforceable under any applicable law, such invalidity or unenforceability shall not affect any other provision of this Stipulated Order that can be given effect without the invalid provision, and, to this end, the provisions hereof are severable. If any provision of this Stipulated Order is ruled invalid or unenforceable by a court of competent jurisdiction because of a conflict between the provision and any applicable law or public policy, the provision shall be redrawn to make the provision consistent with and valid and enforceable under the law or public policy.

12.     This Stipulated Order shall be binding upon ABC and its successors and assigns, and shall inure to the benefit of ABC and its successors and assigns.

13.     The parties to this Stipulated Order agree to be subject to the jurisdiction and venue of this Court for any future dispute(s) regarding the enforcement of the terms of this Stipulated Order.

14.     This Stipulated Order shall govern the disclosure of any Confidential Information by the Defendants to ABC that ABC may seek in the future.  This Stipulated Order shall remain

384791v1                                          6

in full force and effect at all times so as to protect the parties indefinitely, and pending any further Order of this Court, from any disclosure of information that is designated as "Confidential" pursuant to this Stipulated Order.

IT IS SO ORDERED.

Dated:  August 25, 2006                              BY THE COURT:


                                                     s/ David J. Waxse
                                                     David J. Waxse
                                                     U.S. Magistrate Judge

We hereby stipulate and agree to the terms of this Order and consent to the form and entry hereof.

SEIGFREID, BINGHAM, LEVY, SELZER    DOUTHIT FRETS ROUSE GENTILE &
&  GEE, p.c.                        RHODES, LLC

By: /s/  Gordon D. Gee             By: /s/  Mary C. O'Connell
    Gordon D. Gee, USDC #70147         Mary C. O'Connell, USDC #70038
    2800 Commerce Tower                903 East 104th Street, Suite 610
    911 Main Street                    Kansas City, MO  64131
    Kansas City, MO 64105              (816) 941-7600
    (816) 421-4460                     moconnell@dfrglaw.com
    ggee@sblsg.com

    Attorneys for Plaintiff            Attorneys for Defendants

-